UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOVAN MIGUEL BATTLE, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-4260 |
| OFFICER T. JOHNSON, et al., et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from East Moline Correctional Center. Plaintiff's amended complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was written a false disciplinary report for insolence and disobeying a direct order on November 16, 2016. The disciplinary committee allegedly found him guilty, refusing to consider Plaintiff's contention that a video recording of the incident exonerated him. Plaintiff is allegedly still waiting to receive a copy of the disciplinary committee's findings.

Plaintiff also appears to challenge seven other disciplinary decisions which he attaches to his amended complaint, on what grounds is not clear. Plaintiff appears to assert that no investigation was done and that the Warden does not sign her name to the decision because the signatures look different. Plaintiff alleges that because he has received three disciplinary tickets, he has lost his "school good time contract" and the ability to take "ABE PRE-GED" classes, which the Court assumes are classes that will help Plaintiff prepare to obtain a General Education Degree.

Plaintiff's constitutional protection against false disciplinary reports is procedural due process—advance notice of the charge, a meaningful opportunity to defend the charge, a statement of reasons for the disciplinary committee's findings, and some evidence to support those findings.  Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir.2003).

However, these procedural due process protections are not required if the punishment Plaintiff received was insignificant from a constitutional perspective.  Thielman v. Leean, 282 F.3d 478, 484 (7th Cir. 2002)(*citing* Sandin v. Conner, 515 U.S. 472, 487 (1995); see also Leslie v. Doyle, 125 F.3d 1132, 1136 (7th Cir. 1998)("Broadly speaking, the Constitution does not create a cause of action for arbitrary and purposeless acts by officials per se, . . . ; it prohibits the abuse of power that effects a significant deprivation.")(emphasis in original) (citations omitted)).  For example, a demotion in grade or short term, typical segregation is generally not a significant enough punishment to trigger procedural due process protections.  Marion v. Columbia Correctional Inst., 559 F.3d 693, 697-98 (7th Cir. 2009); Hoskins v. Lenear, 395 F.3d 372, 374-75 (7th Cir. 2005).   The revocation of good time is a

serious enough deprivation, but that legal challenge can be made in federal court only through a habeas action, after exhausting state court remedies. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Plaintiff does not say what punishment he received on the November 16, 2016 ticket, so the Court cannot determine whether he states a procedural due process claim that may proceed on that ticket. Additionally, Plaintiff appears to admit in his original complaint that he did not exhaust his administrative remedies before filing this lawsuit. Plaintiff must exhaust his administrative remedies before filing this lawsuit, not after filing the lawsuit. Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). Exhaustion means timing filing a grievance and pursuing all available appeals in a timely manner, including appealing to the Administrative Review Board. If Plaintiff did not exhaust his administrative remedies before filing this lawsuit, the lawsuit must be dismissed upon motion by Defendants.

The punishments Plaintiff received from the disciplinary committee on the other tickets were not serious enough to trigger procedural due process protections. The most serious punishments were two separate 30-day stints in segregation, which is generally

too short a term to trigger procedural due process protections unless the conditions in segregation were unusually harsh, harsher than typical segregation. See Means v. Larson, 580 Fed.Appx. 481 (7th Cir. 2014)(not published in Federal Reporter)( "[wrongful] segregation term of just over one month, by itself, did not implicate a liberty interest."). The other punishments—7, 14 and 21 days "unit restriction," 14 days commissary restriction, and 25 days of commissary restriction—are even less significant punishments than segregation. Additionally, Plaintiff has no protected constitutional right to attend classes in prison, so taking away that privilege does not trigger procedural due process protections. *See* Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities); Meisberger v. Cotton, 181 Fed. Appx. 599 (7th Cir. 2006)(no procedural due process due for transfer and resulting lack of educational opportunities and opportunity to earn good time). The Warden's alleged failure to investigate does not violate the Constitution. *See* Polzin v. Mutter, 2013 WL 485269 (7th Cir. 2013)(unpublished)(There is no constitutional duty to "search for, or assist a defendant in developing, mitigating evidence.") Additionally, that the Warden's

signature looks different on different documents does not suggest that any federal law has been broken.

Plaintiff will be given an opportunity to file an amended complaint if he believes he can allege facts that state a plausible federal claim. If Plaintiff does not do so, or his amended complaint still fails to state a claim, then this case will be dismissed for failure to state a claim, which will count as one of Plaintiff's strikes under 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

1) Plaintiff's motion for the appointment of pro bono counsel is denied (5), with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

2) Plaintiff's motion for leave to file an amended complaint is granted (7). The Court has conducted the merit review on the amended complaint, not the original complaint.

3) Plaintiff's motions regarding summons and subpoenas are denied as unnecessary and premature (8, 9). If this case survives merit review, the Court will order service. Discovery does not start until after Defendants have appeared through counsel.

4) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

5) Plaintiff may file an amended complaint by March 24, 2017. If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g). If Plaintiff files an amended complaint, the amended complaint will replace the original complaint. Piecemeal amendments are not permitted.

ENTERED: March 8, 2017

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE